## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SCOTT HARRIS, | ) | CASE NO.  1:20-cv-01700 |
| | ) | |
| PLAINTIFF, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| STEVEN MNUCHIN, Secretary of the | ) | |
| Treasury, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Robert Scott Harris ("Harris") brings this action against defendants Steven Mnuchin ("Mnuchin"), the Secretary of the Treasury, and the Internal Revenue Service ("IRS"), alleging "copywrite and trademark infringements upon my unalienable rights to private estate Robert Scott Harris."  Doc. No. 1.

For the reasons that follow, this action is dismissed.

### A.  Background

Plaintiff's Complaint is difficult to decipher.  As best the Court can discern, it appears that Plaintiff is challenging the United States' collection of taxes from him, in violation of copyright laws and "the U.S. Constitution: Amendments I, IV, V, IX, and Article I, Sections 8, 9, and 10, and the XIV Amendment." In his Complaint, he states that he is a "private estate" and "the IRS … and unknown others have been collecting United States debt from private property/non-public without lawful or legal standing to do so."  *Id.* at PageID # 2.  Harris further

states that the debt of the United States is its own and the United States cannot transfer its debt to a creditor or a debtor if the debtor is bankrupt, and "all U.S. debtors are bankrupt because the United States itself is bankrupt and took everything from the debtor already." *Id.* Harris seeks injunctive relief, enjoining the IRS from pursuing collection efforts, as well as compensatory relief in the amount of $1,000,000 "for each year [the United States] infring[es] upon Robert Scott Harris's private estate." *Id*. at PageID ## 7-8.

## B.  Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The Court may, however, dismiss an action sua sponte if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the Court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). The Court also may dismiss an action sua sponte if the Court clearly lacks subject jurisdiction over the matters presented in the Complaint. *Id.*  Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

## C.  Analysis

The United States enjoys sovereign immunity and may not be sued unless it waives the immunity. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980). The IRS, as an agency of the United States, is immune from private actions absent waiver. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993); *see Carelli v. Internal Revenue Service*, 668 F.2d 902, 904 (6th Cir. 1982) ("although the appellant named the IRS as

defendant in his complaint, we treat this action as a suit against the United States"). Likewise, an executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly conferred by Congress. *See Blackmar v. Guerre*, 342 U.S. 512, 514-15, 96 L. Ed. 534, 72 S. Ct. 410 (1952). And Congress has not made such an authorization with respect to the Department of Treasury. *See Deleeuw v. Internal Revenue Service*, 681 F. Supp. 402, 404 (E.D. Mich. 1987).

Congress defines the terms and conditions of a waiver of sovereign immunity. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). Any waiver must be unequivocally expressed and must be strictly construed in favor of the sovereign. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992). If an entity has sovereign immunity and if it has not been waived, a court does not have subject matter jurisdiction over claims against that entity. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983).

Plaintiff Harris bears the burden of demonstrating that the United States has waived its sovereign immunity and consented to suit. *White v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).

Here, Harris has not alleged or demonstrated that the IRS (or the United States) has waived its sovereign immunity. This Court therefore lacks jurisdiction to entertain Harris's claims, and his Complaint must be dismissed.

**D. Conclusion**

For all the foregoing reasons, this action is dismissed pursuant to *Apple v. Glenn*.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  December 22, 2020

/S/ Pamela A. Barker
PAMELA A. BARKER
United States District Judge